IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

RICHARD LEO BARNER, III,

      Plaintiff,

v.                                 CASE NO. 5:16-cv-319-WTH-GRJ

DAVID SASSER, et al.,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

Pending before the Court are ECF No. 59, Defendants', David

Sasser's, Kimberly Smith's, Lorraine Cabrillas' and Olga Santiago's, Motion

to Dismiss Plaintiff's Third Amended Complaint in Part. Plaintiff has filed a

response to the motions to dismiss. (ECF No. 65.)[1] The motion is,

therefore, ripe for review. For the following reasons, it is recommended that

the motion to dismiss be granted.

## I. INTRODUCTION

Plaintiff, Richard Leo Barner, III ("Mr. Barner"), a prisoner currently in

the custody of the Florida Department of Corrections at Okaloosa

---

[1] In response, Plaintiff says that he already responded to motions to dismiss by
Defendants and that he wishes that his responses remain the same. (ECF No. 65.) His
previous responses included ECF Nos. 36, 37, and 48.

Correctional Institution, initiated this case in November 2016, by filing a *pro se* complaint under 42 U.S.C. § 1983. (ECF No. 1.) Mr. Barner subsequently filed two amended complaints, and the case is now proceeding on Plaintiff's Third Amended Complaint. (ECF No. 57.)

In Plaintiff's Third Amended Complaint, he names as Defendants Tommy Ford, Sheriff of Bay County, in his official capacity, as well as David Sasser, Olga Santiago, Kimberly Smith, Lorraine Cabrilla, and Mary Jager, in their individual and official capacities. Plaintiff claims that while he was incarcerated at the Bay County Jail, Defendants violated his Fourth, Eighth, and Fourteenth Amendment rights through their deliberate indifference and cruel and unusual punishment. As relief, Mr. Barner seeks a change in the Bay County Jail's policy, compensatory and punitive damages, costs of the suit, and any additional relief the Court deems just, proper, and equitable. (ECF No. 57.)

## II.  STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A, the court "shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and shall "dismiss the complaint . . . if the complaint . . . fails to state a claim

upon which relief may be granted. To state a claim for relief under 42

U.S.C. § 1983, a plaintiff must allege that an act or omission committed by

a person acting under color of state law deprived him of a right, privilege,

or immunity secured by the Constitution or laws of the United States. *Hale*

*v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir.1995).

As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 555 (2007), "[f]actual allegations must be enough to raise a right

to relief above the speculative level," and the complaint "must contain

something more . . . than . . . a statement of facts that merely creates a

suspicion [of] a legally cognizable right of action." Further, in *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 1951-53 (2009), the Supreme Court stated that

*Twombly* "expounded the pleading standard for all civil actions," and

conclusory allegations that "amount to nothing more than a formulaic

recitation of the elements of a constitutional . . . claim" are "not entitled to

be assumed true," and, to escape dismissal, complaint must allege facts

sufficient to move claims "across the line from conceivable to plausible."

While a *pro se* litigant's allegations are entitled to the benefit of liberal

construction, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a court does not

have "license . . . to rewrite an otherwise deficient pleading [by a *pro se*

litigant] in order to sustain an action." *GJR Invs. v. Cnty of Escambia, Fla.*,

132 F.3d 1359, 1369 (11th Cir. 1998) (overruled on other grounds by

*Iqbal).*

## III. DISCUSSION

Defendants Sasser, Smith, Cabrillas, and Santiago ("Defendants")[2]

argue that Mr. Barner's claims against them in their official capacities and

claims for injunctive relief should be dismissed from his Third Amended

Complaint for failure to state a claim upon which relief can be granted.

(ECF No. 59.)

**A.    Mr. Barner's claims against Defendants in their official capacity
       are due to be dismissed now that he has named the Bay County
       Sheriff in his official capacity as a Defendant.**

Defendants first argue that Mr. Barner's claims against them in their

official capacity are due to be dismissed as redundant. They argue that

these claims are now redundant because Mr. Barner has named Tommy

Ford, the Sheriff of Bay County, in his official capacity as a Defendant in

this case. (ECF No. 59 at 2.)

"[W]hen an officer is sued under Section 1983 in his or her official

---

[2] Defendants Tommy Ford and Mary Jager are not named in this motion to
dismiss.

capacity, the suit is simply 'another way of pleading an action against an entity of which an officer is an agent.'" *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). "Such suits against municipal officers are therefore, in actuality, suits directly against the [municipality] that the officer represents." *Id.* (citing *Kentucky*, 473 U.S. at 165–66). And when the plaintiff has sued the entity of which the individual is an agent, there is no need to also sue the individual actor in his official capacity. *Brown v. Neumann*, 188 F.3d 1289, 2190 n.1 (11th Cir. 1999).

Because Mr. Barner named Tommy Ford, Sheriff of Bay County, in his official capacity, as a Defendant in Plaintiff's Third Amended Complaint, there is no need to also sue Defendants in their official capacities as employees of the Bay County Jail. Accordingly, Mr. Barner's claims against Defendants Sasser, Smith, Cabrillas, and Santiago in their official capacities should be dismissed. *See Brown*, 188 F.3d at 2190 n.1 ("The district court dismissed [Deputy Sheriff] Ruby as a party defendant prior to trial because Ruby had been sued in his official capacity, which meant that he was duplicative and superfluous since the Sheriff was sued in his official capacity, and a suit against a government officer in his official capacity is

simply a suit against the relevant governmental entity." (citing *Kentucky*, 473 U.S. 159)).

## B.   Mr. Barner's claim for injunctive relief is due to be dismissed as moot because he is no longer confined at the Bay County Jail.

Defendants next argue that Mr. Barner's request for injunctive relief regarding the Bay County Jail's policy is due to be dismissed as moot. (ECF No. 59 at 3–4.) Specifically, as part of his requested relief, Mr. Barner seeks "[a] change in the Bay County Jail[']s policy making sure that HIV positive inmates get there [sic] medication." (ECF No. 57 at 10.)

It is well settled in the Eleventh Circuit that a prisoner's transfer to a different facility will moot his individual claims for injunctive or declaratory relief. *Smith v. Allen*, 502 F.3d 1255, 1267 (11th Cir. 2007); *McKinnon v. Talladega, Cnty., Ala.*, 745 F.2d 1360, 133 (11th Cir. 1984). Plaintiff is no longer confined at the Bay County Jail and therefore is no longer subjected to the Bay County Jail's policies. Accordingly, Mr. Barner's claim for injunctive relief should be dismissed as moot.[3]

## IV.  CONCLUSION

Accordingly, it is respectfully **RECOMMENDED** that:

---

[3] The transfer of a prisoner to a different facility does not moot a claim for monetary damages. *McKinnon*, 745 F.2d at 1362. Mr. Barner may thus still pursue his claims for compensatory and punitive damages.

1. Defendants', David Sasser's, Kimberly Smith's, Lorraine Cabrillas' and Olga Santiago's, Motion to Dismiss Plaintiff's Third Amended Complaint in Part, ECF No. 59, should be **GRANTED**.

2. Plaintiff's claims against Defendants Sasser, Smith, Cabrillas, and Santiago in their official capacities should be dismissed, and Plaintiff's claim for injunctive relief should be dismissed as moot.

**IN CHAMBERS** this 19th day of March 2018.


*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**